IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL GEIGER | § | |
| v. | § | CIVIL ACTION NO. 6:23cv114 |
| DIRECTOR, TDCJ-CID | § | |

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Petitioner Michael Geiger filed this application for the writ of habeas corpus challenging the legality and conditions of his confinement. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner states that he is seeking compassionate release under 18 U.S.C. §3582(c) because he has been incarcerated over 30 years, beginning at age 21, for "minor/petty crimes of youth."[1] He says that he has been housed in solitary confinement for over 25 years without any form of understanding, comprehension, or abilities, skills, and experience (adult & youth) into today's advanced society etc., one becomes / became invalid & disabled - everything now obsolete in life."

In his second ground for relief, Petitioner says that he is in the extreme high-risk category for Covid-19 and has survived this illness three times already. He contends that the indifference and misconduct of the unit medical staff has caused the entire staff to be placed on probation, with several terminations.

---

[1] TDCJ records show that Petitioner has a 1990 conviction for aggravated kidnapping, a 1992 conviction for aggravated assault of a correctional officer, a 1997 conviction for assault of a public servant, and a 2008 conviction for assault of a public servant.

1

Third, Petitioner asserts that he has been subjected to cruel and unusual punishment through "abusively inhumane use of sentencing laws." He contends that officials and biased judicial procedures have deliberately taken all "all human rights to self-defense" and have created a "false disciplinary history and adjustment record" which indirectly cause him "psychological, emotional, and physical torture of cruelty equal to one being indirectly sentenced to death without trial."

For relief, Petitioner requests compassionate release to "just die [at] home with my little remaining family, as my condition and disabilities grow dire daily, where one only knows life in a single cell 23/7 for over 25 years, with no current sense of life, technology, events, education, or family, where every work, social, and living requirements of life and human survival are now obsolete and petitioner can not even take care of himself as a human adult any more (let alone to commit a crime) even in prison general population. Can only lift 25 pounds max. Is now an invalid to life today - torturing his mind, heart, and understanding."

Petitioner states that he only heard about compassionate release recently and that he is filing this petition "due to open racism and judicial bias," for which he says he has filed a complaint with the Board of Judicial Conduct.

In an attachment entitled "declaration of exhaustion of administrative remedies" (docket no. 1-3, p. 1), Petitioner states that on April 5, 2022, he made a "complete and formal request" for compassionate release, apparently to Attorney General Ken Paxton and the Texas Board of Criminal Justice. He also indicates that in February of 2022, he sent requests to the wardens and classification chief at the Coffield Unit and in June of 2022, he sent requests to State Senator John Whitmire, State Representative Jasmine Crockett, and TDCJ Executive Director Bryan Collier. In July of 2022, Petitioner states that he sent requests to TDCJ Region II Parole Director Heather Robinson and State Representative Senfronia Thompson. He claims that in response to his request to the TDCJ Executive Director, Collier's secretary Jessica May retaliated by sending unit security to Petitioner's cell to denigrate and threaten him.

Petitioner states that under 18 U.S.C. §3582(c)(1)(A), he is allowed to bring a motion on his own behalf for compassionate release and the exhaustion of administrative remedies where the Bureau of Prisons and the Warden have failed to submit it to the district court after 30 days have elapsed. He attaches a copy of a letter (docket no. 1-4, p. 1), addressed to "dear ma'am / sir," in which he talks about being allowed to grow up without supervision and spent 30 years in prison. He says that he has been "forced into a real of total ignorance of life, family, work, and society," which is "the greatest level of cruelty." Petitioner says that he was young when he committed his crime and is now a middle aged adult who does not know his clothing size. He refers to incidents in which he says his fingers were broken, 48 cans of chemical agents were sprayed into his cell because he saw guards murdering other inmates, and a stroke was induced which caused him to be paralyzed for over seven months.

Petitioner's letter also alludes to incidents in which he says that he was "hog-tied like an animal, butt-naked, covered in chemicals, laid out thus on the concrete in the unit parking lot on hot 103 degree Texas weather / heat solely because I dared to defend myself against predatory officers who I witnessed brutally kill a young prisoner (Larry Cox). To be later poisoned by a racist officer (requiring 3 surgeries) and now deliberately exposed to Covid-19 along with my neighbor (who died due to denial of medical also."

Petitioner suggests that he was deliberately turned into an alcohol and drug addict before reaching eighth grade and says that he lacked the mental ability to get himself under control from the drug and alcohol use. He states that striving to be better led to many situations requiring self-defense, but officials believe that the right of self-defense does not apply to the incarcerated. Petitioner says that he has never had a problem with authority, only "crooked authority." He furnishes copies of medical records (docket no. 1-5. p. 1) as well as a document labeled "individualized treatment plan" (docket no. 1-6, p. 1), apparently in reference to parole.

**II. Discussion**

Petitioner's habeas corpus petition seeks compassionate release under 18 U.S.C. §3582(c). However, this statute applies only to persons incarcerated by the Federal Bureau of Prisons, not state prison facilities. *See, e.g.*, *Wilson v. Warden, Morehouse Parish Jail*, civil action no. 20-1252, 2020 U.S. Dist. LEXIS 243446, 2020 WL 7700611 (W.D.La., November 16, 2020), *Report adopted at* 2020 U.S. Dist. LEXIS 242716, 2020 WL 7701492 (W.D.La., December 28, 2020); *Dunn v. Collier*, civil action no. 6:21cv265, 2022 U.S. Dist. LEXIS 28004, 2022 WL 476073 (E.D.Tex., February 16, 2022). There is no statutory provision allowing federal courts to order compassionate release for state inmates.

To the extent Petitioner seeks to invoke executive clemency powers, this Court lacks jurisdiction to do so. Clemency refers to the power of the Governor of the State of Texas to pardon a criminal or commute a criminal sentence upon the affirmative recommendation of the Texas Board of Pardons and Paroles. The Governor has the sole power of clemency, as set out in Article IV, §11 of the Texas Constitution. *See Woods v. Thaler*, civil action no. A-09-CA-789, 2009 U.S. Dist. LEXIS 103787, 2009 WL 3756847 (W.D.Tex., November 6, 2009). The federal district court lacks authority to order the Governor of the State of Texas to commute a sentence or to issue a pardon. *See Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 464-65, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981) (noting that "pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review.")

Petitioner next complains that the length of his sentences amounts to cruel and unusual punishment. TDCJ records show that Petitioner received sentences of 40 years for aggravated kidnapping, 35 years for aggravated assault on a correctional officer, 25 years for the first assault on a public servant conviction, and life in prison for the second assault on a public servant conviction. All of these offenses are first degree felonies. Tex. Penal Code art. 20.04, 22.02. As such, they each carry a sentencing range of five years to life in prison even before enhancements for prior offenses are calculated. Tex. Penal Code art. 12.32.

The Fifth Circuit has held that when adjudicating an Eighth Amendment proportionality challenge, the court must first make a threshold comparison between the gravity of the charged offense and the severity of the sentence. If the sentence is not grossly disproportionate, the inquiry ends. If the court concludes that the sentence is "grossly disproportionate" to the offense, it may then consider whether the sentence offends the Eighth Amendment by comparing the sentence received to sentences for similar crimes in the same jurisdiction and sentence for the same crime in other jurisdictions. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). The Supreme Court has observed that outside of the context of capital punishment, successful challenges to the proportionality of particular sentences have been "exceedingly rare." *Ewing v. California*, 538 U.S. 11, 21, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003).

Petitioner has failed to show that the sentences he received are grossly disproportionate to the offenses for which he was convicted. *See Ewing*, 538 U.S. at 29-30 (sentence of 25 years to life for stealing three golf clubs worth $1197, by a person with four prior felony convictions, was not grossly disproportionate to the crime); *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (life sentence as a recidivist for obtaining $120.75 on false pretenses was not grossly disproportionate to the crime); *Harmelin v. Michigan*, 501 U.S. 957, 994, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (life sentence without parole for possession of 672 grams of cocaine was neither cruel and unusual nor grossly disproportionate to the crime); *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (sentence of 40 years for possession of less than nine ounces of marijuana was not grossly disproportionate to the crime). This claim is without merit.

Petitioner also refers having his right of self-defense taken away, apparently implying that one or more of his assault convictions were improper because he was in fact defending himself. However, he offers no facts in support of such a claim. The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-

12 and n.2 (5th Cir. 1983); *see also Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). To the extent Petitioner challenges the validity of one or more of his convictions, he also offers no justification why such challenges are not barred by the statute of limitations. This claim lacks merit.

Finally, Petitioner raises various complaints about the conditions of confinement within the prison, including confinement to solitary for an extended period of time, exposure to Covid-19, the alleged lack of available medical care, uses of force directed at him, and retaliation. He has also filed a motion for injunctive relief (docket no. 9) concerning these alleged conditions.

To the extent Petitioner asserts these issues as claims for relief in and of themselves, rather than arguments in support of his request for compassionate relief, these claims do not implicate the fact or length of his confinement and thus do not set out a valid basis for habeas corpus relief. *Pierre v. U.S.*, 525 F.2d 933, 936 (5th Cir. 1976) (the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody and cannot be used for any other purpose, including adjudicating matters foreign to the question of the legality of custody); *see Lineberry v. United States*, 380 F.App'x 452, 2010 U.S. App. LEXIS 11646, 2010 WL 2340804 (5th Cir., June 8, 2010) (where a prisoner challenges an unconstitutional condition of confinement, the proper vehicle is a civil rights action if a determination in the prisoner's favor will not automatically result in his accelerated release), *citing Carson v. Johnson*, 112 F.3d 818, 820-21); *Cook v. Hanberry*, 596 F.2d 658, 660 n.1 (5th Cir. 1979).

These claims should be dismissed without prejudice to Petitioner's right to raise them in a separate lawsuit under the Civil Rights Act, 42 U.S.C. §1983. Such a lawsuit would be subject to the filing fee and other requirements of the Prison Litigation Reform Act. *Howard v. Director*, TDCJ, civil action no. 9:11cv148, 2013 U.S. Dist. LEXIS 58903, 2013 WL 949380 (E.D.Tex., February 6, 2013), *Report adopted at* 2013 U.S. Dist. LEXIS 32847, 2013 WL 943437 (E.D.Tex., March 8, 2013, no appeal taken) (prisoners cannot evade the filing fee requirements of the Prison Litigation Reform Act by filing civil rights claims in habeas corpus petitions). In this regard, the Court notes that Petitioner is subject to the three-strike bar of 28 U.S.C. §1915. *See Geiger v. Coker*,

civil action no. 6:22cv266, 2022 U.S. Dist. LEXIS 180689, 2022 WL 4820481 (E.D.Tex., July 19, 2022), *Report adopted at* 2022 U.S. Dist. LEXIS 179476, 2022 WL 4668015 (E.D.Tex. September 30, 2022). As such, Petitioner is reminded that to bring a civil rights suit while subject to the §1915(g) bar, he must either pay the full filing fee when filing the case or show that he is in imminent danger of serious physical injury at the time of filing suit, with such danger arising from the incidents forming the basis of the lawsuit. *Judd v. Federal Election Commission*, 311 F.App'x 730, 2009 U.S. App. LEXIS 3464, 2009 WL 423966 (5th Cir., February 20, 2009); *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001).

<u>Certificate of Appealability</u>

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

In order to obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

Petitioner has not shown that jurists of reason would find it debatable whether the district court was correct in determining that his claim for compassionate release and his challenges to his convictions lack merit on their face, and his challenges to the conditions of his confinement are not properly brought in habeas corpus. As a result, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice as to Petitioner's request for compassionate release, and without prejudice as to any challenges to Petitioner's conviction or to the conditions of his confinement. The dismissal of Petitioner's request for compassionate release should be without prejudice to Petitioner's right to seek such release from the courts or through the executive clemency procedures of the State of Texas. It is further recommended that a certificate of appealability be denied *sua sponte*, with such denial referring solely to an appeal of the decision in this case and having no effect upon Petitioner's right to seek such relief as he may be entitled through other proceedings. Finally, it is recommended that Petitioner's motion for injunctive relief be denied.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 18th day of September, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE