**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

MICHAEL GEIGER,

      Petitioner,

v.

DIRECTOR, TDCJ-CID,

      Respondent.

Case No. 6:23-cv-114-JDK-KNM

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Geiger, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On September 18, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court deny the petition and dismiss Petitioner's claim under 18 U.S.C. § 3582 with prejudice and dismiss Petitioner's claims concerning the conditions of his confinement without prejudice.  Docket No. 10.  Judge Mitchell also recommended that a certificate of appealability be denied.  Petitioner filed objections. Docket No. 15.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the

1

Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Along with several irrelevant objections, Petitioner asserts that the Magistrate Judge used a "vague, discriminatory interpretation" of 18 U.S.C. §3582(c) as "a law that recognizes one class of prisoners (federal) over another (state) as a privileged class.  A prisoner is a prisoner no matter where he is locked up."  Docket No. 15 at 2. Petitioner contends that the purpose of the Report was to cut off access to court, to appeals, and to other review "that will expose the evil brutality, abuse, and misconduct of prison officials that cause long term injuries, disabilities of prisoners and the due process of law that exposes such acts."  *Id.*

But as the Magistrate Judge correctly determined, 18 U.S.C. § 3582(c) applies only to federal prisoners, not state prisoners, like Petitioner.  *Campos v. United States*, 2022 WL 904258 (N.D. Tex. Feb. 7, 2022) (collecting cases); *Dunn v. Collier*, 2022 WL 476073 (E.D. Tex. Feb. 16, 2022).  While Texas has a parole status called Medically Recommended Intensive Supervision, the decision to release an inmate to this status is entirely within the discretion of the Texas Board of Pardons and Paroles. *See Barker v. Owens*, 277 F. App'x 482 at *1 (5th Cir. 2008).

Further, the Magistrate Judge properly determined that Petitioner failed to show that his sentences were excessive or that the length of his sentences provided

any basis for compassionate release.  As to Petitioner's claims concerning the conditions of his confinement, the Magistrate Judge recommended that the Court dismiss those claims without prejudice to allow him to pursue them in a civil rights lawsuit.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit.  The Court therefore **OVERRULES** Petitioner's objections (Docket No. 15) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 10) as the opinion of the District Court.  Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice as to his § 3582 claim and without prejudice as to his claims challenging his convictions and concerning the conditions of his confinement.  Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **30th** day of **November, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE